IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRITTANY PERROUX, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 1:25-cv-00045-RP |
| | § | |
| RENT RECOVERY SOLUTIONS, LLC, | § | |
| NATIONAL CREDIT AUDIT | § | |
| CORPORATION, PROCOLLECT, INC., | § | |
| COLUMBIA DEBT RECOVERY, LLC | § | |
| d/b/a GENESIS CREDIT, I.Q. DATA | § | |
| INTERNATIONAL | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT PROCOLLECT, INC.'S ORIGINAL ANSWER

ProCollect, Inc. ("Defendant" or "ProCollect") files this answer to respond to Plaintiff's *Verified Complaint* (the "Complaint") filed by Plaintiff Brittany Perroux ("Plaintiff" or "Perroux") and would show the Court as follows:

### A.  ADMISSIONS & DENIALS

Pursuant to Rule 8(b), Defendant makes the following admissions, denials and other responses to Plaintiff's averments, by corresponding paragraph number used in the Complaint:

#### PRELIMINARY STATEMENT

1.      Defendant lacks sufficient information to know the truth about the allegations in Paragraph 1.

2.      Defendant lacks sufficient information to know the truth about the allegations in Paragraph 2 other than to indicate that Defendant received one indirect dispute letter regarding three accounts.

3.      Defendant lacks sufficient information to know the truth about the allegations in Paragraph 3, but would claim any applicable credits resulting from the one satisfaction rule or otherwise.

4.      Defendant lacks sufficient information to know the truth about the allegations in Paragraph 4, except that Defendant denies the allegations with respect to Defendant.

5.      Defendant lacks sufficient information to know the truth about the allegations in Paragraph 5, except that Defendant denies the allegations with respect to Defendant.

6.      Defendant lacks sufficient information to know the truth about the allegations in Paragraph 6, except that Defendant denies the allegations with respect to Defendant.

7.      Defendant admits that Plaintiff asserts claims pursuant to the FCRA, FDCPA, and TDCA, but denies any liability or damages with respect to Defendant, and to the extent that Paragraph 7 contains any factual statements, Defendant denies same.

8.      Paragraph 8 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 8 does contain any factual averments, Defendant denies same.

9.      Paragraph 9 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 9 does contain any factual averments, Defendant denies same.

10.      Paragraph 10 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 10 does contain any factual averments, Defendant denies same.

11.     Paragraph 11 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 11 does contain any factual averments, Defendant denies same.

12.     Defendant admits the allegations in Paragraph 12.

13.     Defendant lacks sufficient information to know the truth about the allegations and legal argument in Paragraph 13, and Defendant denies any factual allegations with respect to Defendant.

### JURISDICTION AND VENUE

14.     Defendant does not contest jurisdiction as alleged in Paragraph 14, other than to contest standing should discovery determine that Plaintiff has not suffered concrete damages as a result of Defendant's conduct.

15.     Defendant does not contest supplemental jurisdiction as alleged in Paragraph 15 so long as federal question claims exist.

16.     Defendant does not currently contest venue as alleged in Paragraph 16.

### PARTIES

17.     Defendant admits Plaintiff is a natural person but lacks sufficient information to know the truth whether Plaintiff is residing in Travis County, Texas.

18.     Defendant admits the allegations in Paragraph 18.

19.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 19.

20.     As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 20.

21.     As this is an averment against Credit Audit, Defendant lacks sufficient

information to know the truth about the allegations contained in Paragraph 21.

22.     Defendant admits the allegations in Paragraph 22.

23.     As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 23.

24.     As this is an averment against IQ Data, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 24.

25.     Defendant admits the allegations in Paragraph 25 with respect to Defendant ProCollect only.

PARTIES

**A.  Identity theft issues.**

26.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 26.

27.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 27.

28.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 28.

**B.  Facts Related to Rent Recovery Solutions, LLC.**

29.     As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 29.

30.     As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 30.

31.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 31.

32.    As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 32.

33.    Defendant lacks sufficient information to know the truth about the allegations in Paragraph 33.

34.    As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 34.

35.    As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 35.

36.    As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 36.

37.    Defendant lacks sufficient information to know the truth about the allegations in Paragraph 37.

38.    As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 38.

39.    Defendant lacks sufficient information to know the truth about the allegations in Paragraph 39.

40.    Defendant lacks sufficient information to know the truth about the allegations in Paragraph 40.

41.    Defendant lacks sufficient information to know the truth about the allegations in Paragraph 41.

42.    As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 42.

43.     As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 43.

44.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 44.

45.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 45.

46.     As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 46.

47.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 47.

48.     As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 48.

49.     As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 49.

50.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 50.

51.     As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 51.

52.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 52.

53.     As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 53.

54.    Defendant lacks sufficient information to know the truth about the allegations in Paragraph 54.

55.    As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 55.

56.    As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 56.

57.    As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 57.

58.    As this is an averment against Rent Recovery, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 58.

**C.  Facts Related to National Credit Audit Corporation.**

59.    As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 59.

60.    As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 60.

61.    As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 61.

62.    Defendant lacks sufficient information to know the truth about the allegations in Paragraph 62.

63.    As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 63.

64.    As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 64.

65.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 65.

66.     As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 66.

67.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 67.

68.     As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 68.

69.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 69.

70.     As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 70.

71.     As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 71.

72.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 72.

73.     As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 73.

74.     As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 74.

75.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 75.

76.    As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 76.

77.    Defendant lacks sufficient information to know the truth about the allegations in Paragraph 77.

78.    As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 78.

79.    As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 79.

80.    As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 80.

81.    As this is an averment against Credit Audit, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 81.

**D.  Facts related to ProCollect, Inc.**

82.    Defendant admits the allegations in Paragraph 82.

83.    Defendant denies the allegations in Paragraph 83 other than to admit collectively the subject debt for Denton, Parkside, and River East.

84.    Defendant denies the allegations in Paragraph 84 but admits the account number and amount.

85.    Defendant denies the allegations in Paragraph 85 but admits the account number and amount.

86.    Defendant denies the allegations in Paragraph 86 but admits the account number and amount.

87.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 87.

88.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 88 but admits processing ACDV's based on the letter dated April 11, 2023.

89.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 89 but admits processing ACDV's based on the letter dated April 11, 2023.

90.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 90 other than to admit that ProCollect verified the accounts after performing a reasonable investigation.

91.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 91.

92.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 92 other than to admit furnishing information regarding the subject debt to the CRAs.

93.     Defendant denies the allegations contained in Paragraph 93.

94.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 94.

95.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 95.

96.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 96.

97.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 97.

98.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 98 other than to admit to receiving and ACDV based on the letter described with respect to Denton account.

99.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 99 other than to admit to receiving and ACDV based on the letter described with respect to Denton account.

100.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 100.

101.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 101.

102.    Defendant denies the allegations in Paragraph 102.

103.    Defendant denies the allegations in Paragraph 103.

104.    Defendant denies the allegations in Paragraph 104.

105.    Defendant denies the allegations in Paragraph 105.

**E.  Facts Eelated to Columbia Debt Recovery LLC d/b/a Genesis Credit.**

106.    As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 106.

107.    As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 107.

108.    As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 108.

109.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 109.

110.    As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 110.

111.    As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 111.

112.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 112.

113.    As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 113.

114.    As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 114.

115.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 115.

116.    As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 116.

117.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 117.

118.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 118.

119.    As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 119.

120.     As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 120.

121.     As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 121.

122.     As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 122.

123.     As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 123.

124.     As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 124.

125.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 125.

126.     As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 126.

127.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 127.

128.     As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 128.

129.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 129.

130.     As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 130.

131.    As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 131.

132.    As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 132.

133.    As this is an averment against Columbia, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 133.

**F.  Facts Related to IQ Data International Inc.**

134.    As this is an averment against IQ Data, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 134.

135.    As this is an averment against IQ Data, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 135.

136.    As this is an averment against IQ Data, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 136.

137.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 137.

138.    As this is an averment against IQ Data, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 138.

139.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 139.

140.    As this is an averment against IQ Data, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 140.

141.    As this is an averment against IQ Data, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 141.

142.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 142.

143.     As this is an averment against IQ Data, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 143.

144.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 144.

145.     As this is an averment against IQ Data, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 145.

146.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 146.

147.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 147.

148.     As this is an averment against IQ Data, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 148.

149.     As this is an averment against IQ Data, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 149.

150.     As this is an averment against IQ Data, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 150.

151.     As this is an averment against IQ Data, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 151.

## G. Defendants' actions have damaged Plaintiff.

152.     With respect to the allegations against Defendant, Defendant denies the allegations in Paragraph 152.

153.    Defendant denies the allegations in Paragraph 153.

154.    With respect to the allegations against Defendant, Defendant denies the allegations in Paragraph 154.

155.    With respect to the allegations against Defendant, Defendant denies the allegations in Paragraph 155.

156.    Defendant denies the allegations in Paragraph 156, including subsections (a) – (i).

<u>DEMAND FOR TRIAL BY JURY</u>

157.    Paragraph 157 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 157 does contain any factual averments, Defendant denies same.

158.    Paragraph 158 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 158 does contain any factual averments, Defendant denies same.

<u>INJUNCTIVE RELIEF UNDER THE TDCA</u>

159.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 159.

160.    Paragraph 160 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 160 does contain any factual averments, Defendant denies same.

<u>COUNT I - DEFENDANTS RENT RECOVERY, CREDIT AUDIT, PROCOLLECT, COLUMBIA, AND IQ DATA<br>FCRA – FAILURE TO INVESTIGATE</u>

161.    Defendant re-alleges and incorporates by reference each of its responses to the preceding Paragraphs as though fully set forth herein.

162.     Paragraph 162 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 162 does contain any factual averments, Defendant denies same

163.     Paragraph 163 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 163 does contain any factual averments, Defendant denies same.

164.     Defendant denies the allegations regarding Defendant in Paragraph 160.

165.     Defendant denies the allegations regarding Defendant in Paragraph 165.

166.     Defendant denies the allegations regarding Defendant in Paragraph 166.

167.     Defendant denies the allegations regarding Defendant in Paragraph 167.

168.     Defendant denies the allegations regarding Defendant in Paragraph 168.

Defendant denies all of Plaintiff's requests for relief following Paragraph 168 asserted in an unnumbered paragraph, including subsections (a) – (g).

### COUNT II -DEFENDANTS RENT RECOVERY, CREDIT AUDIT, PROCOLLECT, AND COLUMBIA VIOLATIONS OF THE FDCPA

169.    Defendant re-alleges and incorporates by reference each of its responses to the preceding Paragraphs as though fully set forth herein.

170.    Paragraph 170 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 170 does contain any factual averments, Defendant denies same.

171.    Defendant denies the allegations regarding Defendant in Paragraph 171.

172.    Defendant denies the allegations regarding Defendant in Paragraph 172.

173.   Paragraph 173 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 173 does contain any factual averments, Defendant denies same.

174.   Defendant denies the allegations regarding Defendant in Paragraph 174.

Defendant denies all of Plaintiff's requests for relief following Paragraph 174 asserted in an unnumbered paragraph, including subsections (a) – (d).

COUNT III -DEFENDANTS RENT RECOVERY, CREDIT AUDIT, PROCOLLECT, COLUMBIA,
AND IQ DATA TEXAS DEBT COLLECTION ACT
VIOLATION OF TEX. FIN. CODE ANN. §§ 392.304(A)(8) & 392.304(A)(19)

175.   Defendant re-alleges and incorporates by reference each of its responses to the preceding Paragraphs as though fully set forth herein.

176.   Paragraph 176 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 176 does contain any factual averments, Defendant denies same.

177.   Paragraph 177 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 177 does contain any factual averments, Defendant denies same.

178.   Defendant denies the allegations regarding Defendant in Paragraph 178.

179.   Defendant denies the allegations regarding Defendant in Paragraph 179.

180.   Defendant denies the allegations regarding Defendant in Paragraph 180.

181.   Paragraph 181 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 181 does contain any factual averments, Defendant denies same.

182.   Defendant denies the allegations regarding Defendant in Paragraph 182.

Defendant denies all of Plaintiff's requests for relief following Paragraph 182 asserted in an unnumbered paragraph, including subsections (a) – (e).

<u>DEMAND FOR TRIAL BY JURY</u>

The demand for jury trial is without any factual averment(s) to admit or deny.

Defendant denies all factual averments that have not been specifically admitted in paragraphs 1 through 182 above.

B.  <u>AFFIRMATIVE DEFENSES</u>

AD1.   At all relevant times, Defendant maintained and followed reasonable procedures to avoid violations of the FCRA and perform reasonable investigations pursuant to FCRA § 1681s-2(b).

AD2.   Defendant, in compliance with the FCRA, reasonably investigated each of Plaintiff's disputes regarding the alleged subject debts and verified and updated its data furnishing accordingly, including designating each Original Creditor's Account as disputed by Plaintiff.

AD3.   Defendant maintains that it properly and timely changed the information furnished related to the alleged subject debt to the consumer reporting agencies as disputed; performed a reasonable investigation on each of Plaintiff's disputes; and Defendant has not acted with negligence, malice, actual malice, or willful intent to injure or failure to follow the obligations of the FCRA in performing reasonable investigations of Plaintiff's disputes, particularly when the documentation available from each Original Creditor supports the alleged debt (Lease Applications, including verification documents), the Original Creditors verified the debt during the investigation process, and Plaintiff failed to provide objectively and readily

verifiable information and documentation to refute the Original Creditor's information and documentation.

AD4.   Plaintiff's claims against Defendant are barred in whole or in part, by the fact that the information furnished by Defendant is accurate in amount, and/or any alleged inaccuracy is not material, or if material, due to including Plaintiff's dispute with the information furnished, would have an immaterial effect on Plaintiff's credit or credit score as a disputed account.

AD5.   Plaintiff's claims against Defendant are barred or not actionable because Plaintiff's dispute (a) was not objectively and readily verifiable based on the information and documents provided by Plaintiff and available to Defendant, and/or (b) involved a legal dispute or affirmative defense, such as whether the Plaintiff provided consent or permission to use his personal information and the fact that eviction judgments support the validity of the debt that cannot be collaterally attacked in this lawsuit.

AD6.   Plaintiff's claims are barred in whole or in part because Plaintiff's dispute alleges legal issues (such as the affirmative defense of lack of authority or a factual determination that could only be accomplished by a direct attack against the Original Creditors regarding the validity of the debt and any eviction judgments). Defendant cannot resolve such disputes under the FCRA. Only a trier of fact could establish Plaintiff's defenses to the account to avoid responsibility for the Accounts.  However, rather than file suits against the Original Creditors to determine the validity of the Accounts (and risk potential liability for same), Plaintiff improperly asserts a collateral attack on the validity of the Accounts by asserting FCRA claims against Defendant to take advantage of the leverage provided by the FCRA.

AD7.   Plaintiff asserts the defense of the one satisfaction rule and seeks any available settlement credits.

AD8.  Plaintiff's claims are barred in whole or in part by Plaintiff's comparative negligence, failure to mitigate, and/or failure to provide sufficient information for Defendant to resolve the alleged dispute regarding the subject debt.

AD9. Plaintiff's claims are barred in whole or in party by the actions of third parties or intervening and superseding actions of others, including the Original Creditor, the persons using Plaintiff's information to secure the Leases at issue, and other creditors with derogatory marks in Plaintiff's credit files.

AD10.  Plaintiff's claims are barred by limitations.

AD11. Plaintiff's claims against Defendant are barred in whole or in part, by the fact Plaintiff has no actual damages attributable to Defendant.

AD12. Even if Plaintiff proves the allegations in the Complaint, ProCollect is not liable to Plaintiff because the FDCPA and TDCA exculpates collectors who make mistakes notwithstanding the use of reasonable procedures adopted to prevent making them.  ProCollect maintains policies, procedures and practices to investigate disputes and report accordingly and in compliance with FDCPA.  Any actions or omissions resulting in the alleged FDCPA violations resulted from a bona fide mistake, notwithstanding the use of such reasonable procedures ProCollect has adopted to avoid such actions or omissions.  *See* 15 U.S.C. § 1692k(c), TEX. FINC. CODE § 392.401.

AD13.  Depending on further investigation and discovery Plaintiff's claims may be barred in whole or in part, by Plaintiff's unclean hands or permission provided to the person who electronically signed the Lease Application.

AD14. As discovery has not been initiated and Defendant's investigation of the allegations continues, Defendant reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

AD15. As separate alternative affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set out herein, cannot be determined until Defendant has had an opportunity to complete discovery. Therefore, Defendant incorporates all said affirmative defenses as if fully set forth herein.

AD16. Pleading affirmatively, Defendant reserves any and all defenses available under the applicable Federal Trade Commission rules, regulations, orders, and decisions.

<u>PRAYER</u>

Defendant ProCollect, Inc. requests a judgment that Plaintiff takes nothing on her claims against Defendant and that Plaintiff's claims against Defendant are dismissed. Defendant prays for such other and further relief to which Defendant is entitled.

Respectfully submitted,

By: _____

JOHN W. BOWDICH
State Bar No. 00796233

BOWDICH & ASSOCIATES, PLLC
8150 N. Central Expy., Suite 500
Dallas, Texas 75206
(214) 307-9500 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com

ATTORNEY FOR DEFENDANT
PROCOLLECT, INC.

<u>CERTIFICATE OF SERVICE</u>

On February 11, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, Austin Division using the electronic case filing system of the court, thereby providing service to all parties.

James M. Smith                          VIA ECF
DOHERTY SMITH, LLC
7000 W. 127th Street
Palos Heights, IL 60463

Tod A. Lewis                            VIA ECF
TOD LEWIS LAW, PLLC
5900 Balcones Drive #17239
Austin, TX 78731
  *ATTORNEYS FOR PLAINTIFF*

Jason A. Spak                           VIA ECF
FISHERBROYLES, LLP
6360 Broad Street, Suite 5262
Pittsburgh, PA 15206
  *ATTORNEY FOR NATIONAL CREDIT AUDIT CORPORATION*

Lee H. Staley                              Via ECF
Dylan W. Bass                              Via ECF
Serpe Andrews, PLLC
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
    *Attorney for I.Q. Data International*

By: _____
      John W. Bowdich