**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRITTANY PERROUX,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **RENT RECOVERY SOLUTIONS, LLC,** | § | |
| **NATIONAL CREDIT AUDIT** | § | **CIVIL ACTION NO. 1:25-cv-00045-RP** |
| **CORPORATION, PROCOLLECT, INC.** | § | |
| **COLUMBIA DEBT RECOVERY LLC** | § | |
| **d/b/a GENESIS CREDIT, and I.Q. DATA** | § | |
| **INTERNATIONAL, INC.,** | § | |
| *Defendants*. | § | |

---

**DEFENDANT I.Q. DATA INTERNATIONAL, INC.'S**
**ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

---

Defendant I.Q. Data International, Inc. ("IQ Data") files this Original Answer to the Complaint filed by Plaintiff Brittany Perroux ("Plaintiff"), and to any subsequent amended or supplemental complaints, and would respectfully show the Court as follows:

**I.**
**PRELIMINARY STATEMENT**

1.      Paragraph 1 of the Complaint states a legal conclusion to which no response is required. As to the allegation that Plaintiff is a victim of identity theft, IQ Data lacks direct knowledge or sufficient information to admit or deny this allegation. However, IQ Data denies the allegations contained in Paragraph 1 of the Complaint to the extent Plaintiff contends IQ Data violated the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C § 1692 *et seq.*, the Fair Credit Reporting Act ("FCRA") under 15 U.S.C § 1681 *et seq.*, or the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, or any other statute.

2.      Paragraph 2 of the Complaint states legal conclusions to which no response is required. As Paragraph 2 of the Complaint also includes allegations that are directed towards third parties, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations. However, IQ Data denies the allegations in Paragraph 2 of the Complaint to the extent Plaintiff contends that she sustained any damages as a result of IQ Data's alleged conduct.

3.      As the allegations in Paragraph 3 of the Complaint are directed towards third parties, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

4.      IQ Data denies the allegations contained in Paragraph 4 of the Complaint. IQ Data further states that it deleted the subject account and timely submitted a deletion request to the consumer credit reporting agencies ("CRAs") on June 26, 2023, following IQ Data's investigation of Plaintiff's CRA disputes.

5.      IQ Data denies the allegations contained in Paragraph 5 of the Complaint.

6.      IQ Data denies the allegations contained in Paragraph 6 of the Complaint.

7.      IQ Data denies the allegations contained in Paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint states a legal conclusion to which no response is required.

9.      Paragraph 9 of the Complaint states a legal conclusion to which no response is required.

10.      Paragraph 10 of the Complaint states a legal conclusion to which no response is required.

11.      Paragraph 11 of the Complaint states a legal conclusion to which no response is required.

12.     Paragraph 12 of the Complaint states a legal conclusion to which no response is required.

13.     Paragraph 13 of the Complaint states legal conclusions to which no response is required. However, IQ Data denies the allegations contained in Paragraph 13 of the Complaint to the extent Plaintiff contends IQ Data violated the FDCPA, FCRA, TDCA, or any other statute.

**II.**
**JURISDICTION & VENUE**

14.     IQ Data does not contest the allegation contained in Paragraph 14 of the Complaint regarding this Court's jurisdiction over this matter.

15.     IQ Data does not contest the allegation contained in Paragraph 15 of the Complaint regarding this Court's supplemental jurisdiction as to Plaintiff's TDCA claims.

16.     IQ Data does not contest the allegations contained in Paragraph 16 of the Complaint as to venue. However, IQ Data denies the allegations contained in Paragraph 16 of the Complaint to the extent Plaintiff contends IQ Data violated the FDCPA under 15 U.S.C § 1692 *et seq.*, the FCRA under 15 U.S.C § 1681 *et seq.*, or the TDCA under Tex. Fin. Code Ann. § 392 *et seq.*, or any other statute.

**III.**
**PARTIES**

17.     Based on current information and belief, IQ Data admits that Plaintiff is a natural person who resided in Travis County, Texas during the relevant time period as stated in Paragraph 17 of the Complaint.

18.     IQ Data admits the allegations in Paragraph 18 of the Complaint.

19.     IQ Data admits the allegations in Paragraph 19 of the Complaint.

20.     As the allegations in Paragraph 20 of the Complaint are directed towards a third

party, no response is required.

21.    As the allegations in Paragraph 21 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

22.    As the allegations in Paragraph 22 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

23.    As the allegations in Paragraph 23 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

24.    IQ Data admits the allegations in Paragraph 24 of the Complaint.

25.    IQ Data admits the allegation in Paragraph 25 of the Complaint that IQ Data regularly conducts business in the state of Texas. However, IQ Data lacks direct knowledge or sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint that are directed toward third parties.

## IV.
## FACTS

**A.    PLAINTIFF'S STATEMENT REGARDING IDENTITY THEFT ISSUES.**

26.    IQ Data lacks direct knowledge or sufficient information to admit or deny the allegations contained in Paragraph 26 of the Complaint.

27.    IQ Data lacks direct knowledge or sufficient information to admit or deny the allegations contained in Paragraph 26 of the Complaint.

28.    IQ Data denies the allegations in Paragraph 28 of the Complaint.

**B.    FACTS RELATED TO DEFENDANT RENT RECOVERY SOLUTIONS, LLC.**

29.    As the allegations in Paragraph 29 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny the allegations.

30.    As the allegations in Paragraph 30 of the Complaint are directed towards a third

4

party, IQ Data lacks direct knowledge or sufficient information to admit or deny the allegations.

31.     As the allegations in Paragraph 31 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.32.   As the allegations in Paragraph 32 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

33.     As the allegations in Paragraph 33 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

34.     As the allegations in Paragraph 34 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

35.     As the allegations in Paragraph 35 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

36.     As the allegations in Paragraph 36 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

37.     As the allegations in Paragraph 37 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

38.     As the allegations in Paragraph 38 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

39.     As the allegations in Paragraph 39 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient

information to admit or deny these allegations.

40.    As the allegations in Paragraph 40 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

41.    As the allegations in Paragraph 41 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

42.    As the allegations in Paragraph 42 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

43.    As the allegations in Paragraph 43 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

44.    As the allegations in Paragraph 44 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

45.    As the allegations in Paragraph 45 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

46.    As the allegations in Paragraph 46 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

47.    As the allegations in Paragraph 47 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

48.    As the allegations in Paragraph 48 of the Complaint are directed towards a third

party, no response is required.

49.    As the allegations in Paragraph 49 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

50.    As the allegations in Paragraph 50 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

51.    As the allegations in Paragraph 51 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

52.    As the allegations in Paragraph 52 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

53.    As the allegations in Paragraph 53 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

54.    As the allegations in Paragraph 54 of the Complaint includes allegations that are directed towards a third party, no response is required.

55.    As the allegations in Paragraph 55 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

56.    As the allegations in Paragraph 56 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

57.    Paragraph 57 of the Complaint states a legal conclusion directed towards a third party to which no response is required.

58.    Paragraph 58 of the Complaint states a legal conclusion directed towards a third

party to which no response is required.

C.    **FACTS RELATED TO DEFENDANT NATIONAL CREDIT AUDIT CORPORATION.**

59.    As the allegations in Paragraph 59 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny the allegations.

60.    As the allegations in Paragraph 60 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny the allegations.

61.    As the allegations in Paragraph 61 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny the allegations.

62.    As the allegations in Paragraph 62 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

63.    As the allegations in Paragraph 63 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

64.    As the allegations in Paragraph 64 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

65.    As the allegations in Paragraph 65 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

66.    As the allegations in Paragraph 66 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

67.    As the allegations in Paragraph 67 of the Complaint relate to Plaintiff's

communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

68.     As the allegations in Paragraph 68 of the Complaint relate to Plaintiff's communications and/or interactions with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

69.     As the allegations in Paragraph 69 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

70.     As the allegations in Paragraph 70 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

71.     As the allegations in Paragraph 71 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

72.     As the allegations in Paragraph 72 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

73.     As the allegations in Paragraph 73 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

74.     As the allegations in Paragraph 74 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

75.     As the allegations in Paragraph 75 of the Complaint relate to  Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

76.    As the allegations in Paragraph 76 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

77.    As the allegations in Paragraph 77 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

78.    As the allegations in Paragraph 78 of the Complaint are directed towards a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

79.    As the allegations in Paragraph 79 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

80.    Paragraph 80 of the Complaint states a legal conclusion directed towards a third party to which no response is required.

81.    Paragraph 81 of the Complaint states a legal conclusion directed towards a third party to which no response is required.

**D.    FACTS RELATED TO DEFENDANT PROCOLLECT, INC.**

82.    As the allegations in Paragraph 82 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

83.    As the allegations in Paragraph 83 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

84.    As the allegations in Paragraph 84 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

85.    As the allegations in Paragraph 85 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

86.    As the allegations in Paragraph 86 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

87.     As the allegations in Paragraph 87 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.88.   As the allegations in Paragraph 88 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

89.     As the allegations in Paragraph 89 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

90.     As the allegations in Paragraph 90 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

91.     As the allegations in Paragraph 91 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

92.     As the allegations in Paragraph 92 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

93.     As the allegations in Paragraph 93 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

94.      As the allegations in Paragraph 94 of the Complaint relate to Plaintiff's interactions and/or communications with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

95.     As the allegations in Paragraph 95 of the Complaint relate to Plaintiff's interactions

and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

96.     As the allegations in Paragraph 96 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

97.     As the allegations in Paragraph 97 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

98.     As the allegations in Paragraph 98 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

99.     As the allegations in Paragraph 99 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

100.    As the allegations in Paragraph 100 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

101.    As the allegations in Paragraph 101 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

102.    As the allegations in Paragraph 102 of the Complaint are directed towards a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

103.    Paragraph 103 of the Complaint states a legal conclusion directed towards a third party to which no response is required.

104.    Paragraph 104 of the Complaint states a legal conclusion directed towards a third party to which no response is required.

105.    Paragraph 105 of the Complaint states a legal conclusion directed towards a third

party to which no response is required.

E.    FACTS RELATED TO DEFENDANT COLUMBIA DEBT RECOVERY LLC D/B/A GENESIS CREDIT.

106.    As the allegations in Paragraph 106 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

107.    As the allegations in Paragraph 107 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

108.    As the allegations in Paragraph 108 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

109.    As the allegations in Paragraph 109 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

110.    As the allegations in Paragraph 110 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

111.    As the allegations Paragraph 111 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

112.    As the allegations Paragraph 112 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

113.    As the allegations in Paragraph 113 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

114.    As the allegations in Paragraph 114 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

115.    As the allegations in Paragraph 115 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

116.    As the allegations in Paragraph 114 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

117.    As the allegations in Paragraph 117 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

118.    As the allegations in Paragraph 118 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

119.    As the allegations in Paragraph 119 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

120.    As the allegations in Paragraph 120 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

121.    As the allegations in Paragraph 121 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

122.    As the allegations in Paragraph 122 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

123.    As the allegations in Paragraph 123 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

124.    As the allegations in Paragraph 124 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

125.    As the allegations in Paragraph 125 of the Complaint relate to Plaintiff's

interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

126.    As the allegations in Paragraph 126 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

127.    As the allegations in Paragraph 127 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

128.    As the allegations in Paragraph 128 of the Complaint are directed towards a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

129.    As the allegations in Paragraph 129 of the Complaint relate to Plaintiff's interactions and/or communications with a third party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

130.    As the allegations in Paragraph 130 of the Complaint are directed towards a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

131.    Paragraph 131 of the Complaint states a legal conclusion directed towards a third party to which no response is required.

132.    Paragraph 132 of the Complaint states a legal conclusion directed towards a third party to which no response is required.

133.    Paragraph 133 of the Complaint states a legal conclusion directed towards a third party to which no response is required.

F.    FACTS RELATED TO DEFENDANT I.Q. DATA INTERNATIONAL, INC.

134.    IQ Data admits the allegations in Paragraph 134 of the Complaint.

135.    IQ Data lacks direct knowledge or sufficient information to admit or deny the

allegation in Paragraph 135 of the Complaint regarding the timing of Plaintiff discovering the subject account on her credit report. IQ Data admits that the original creditor for the subject account was Park Creek Apartments ("Park Creek") and that IQ Data reported the Park Creek Account to Equifax, Experian, and TransUnion (the "CRAs"). However, IQ Data denies the allegation that the Park Creek Account was a "false collection account" as stated in Paragraph 135 of the Complaint.

136.    IQ Data generally admits the allegations in Paragraph 136 of the Complaint but denies reporting a "false" account (*i.e.*, the Park Creek Account) to the CRAs.

137.    Based on current information and belief, IQ Data admits the allegation in Paragraph 137 of the Complaint.

138.    IQ Data lacks direct knowledge or sufficient information to admit or deny the allegation in Paragraph 138 of the Complaint regarding the timing Plaintiff accessed her credit reports. IQ Data admits that it was reporting the Park Creek Account to the CRAs as of March 31, 2023, but denies the allegation that the Park Creek Account was "false" as stated in Paragraph 138 of the Complaint.

139.    IQ Data lacks direct knowledge or sufficient information to admit or deny the allegations in Paragraph 139 of the Complaint with respect to the timing Plaintiff dispute letters were sent to and/or received by the CRAs. However, IQ Data admits that it was notified of Plaintiff's disputes by Equifax on May 1, 2023, and by TransUnion on May 2, 2023. IQ Data also admits that it received copies of Plaintiff's dispute letters to Equifax and TransUnion on the aforementioned dates, respectively. However, IQ Data denies ever being notified by Experian of any dispute(s) Plaintiff allegedly submitted.

140.    IQ Data generally admits the allegations in Paragraph 139 of the Complaint but

denies the allegation that Experian forwarded Plaintiff's dispute letters to IQ Data.

141.    As the allegations in Paragraph 141 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations. To the extent a response is required, denied.

142.    As the allegations in Paragraph 142 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

143.    IQ Data lacks direct knowledge or sufficient information to admit or deny the allegation contained in Paragraph 143 of the Complaint with respect to the timing Plaintiff accessed her credit reports. However, admits that it was still reporting the Park View account as of June 13, 2023.

144.    IQ Data denies the allegations contained in Paragraph 144 of the Complaint.

145.    IQ Data denies the allegations contained in Paragraph 145 of the Complaint.

146.    As the allegations in Paragraph 146 of the Complaint relate to Plaintiff's interactions and/or communications with a third-party, IQ Data lacks direct knowledge or sufficient information to admit or deny these allegations.

147.    IQ Data admits the allegations contained in Paragraph 147 of the Complaint that the Park View Account was no longer being reported on her credit reports at the time Plaintiff allegedly accessed same on August 15, 2023. Upon information and belief, the CRAs removed the Park View Account from Plaintiff's credit report after IQ Data closed the account and submitted a deletion request to the CRAs on or about June 26, 2023.

148.    IQ Data denies the allegations contained in Paragraph 148 of the Complaint.

149.    IQ Data denies the allegations contained in Paragraph 149 of the Complaint.

150.    IQ Data denies the allegations contained in Paragraph 150 of the Complaint.

151.    IQ Data denies the allegations contained in Paragraph 151 of the Complaint.

**G.    PLAINTIFF'S ALLEGED DAMAGES.**

152.    IQ Data denies the allegations contained in Paragraph 152 of the Complaint.

153.    IQ Data denies the allegations contained in Paragraph 153 of the Complaint.

154.    IQ Data denies the allegations contained in Paragraph 154 of the Complaint.

155.    IQ Data denies the allegations contained in Paragraph 155 of the Complaint.

156.    IQ Data denies the allegations contained in Paragraph 156 of the Complaint.

**IV.**
**TYPES OF RELIEF UNDER THE FDCPA & TDCA**

157.    Paragraph 157 of the Complaint states a legal conclusion to which no response is required.

158.    Paragraph 158 of the Complaint states a legal conclusion to which no response is required.

**V.**
**INJUNCTIVE RELIEF UNDER THE TDCA**

159.    Paragraph 159 of the Complaint states a legal conclusion to which no response is required.

160.    Paragraph 160 of the Complaint states a legal conclusion to which no response is required.

# VI.
## PLAINTIFF'S CAUSES OF ACTION

### CAUSE OF ACTION NO. 1: FCRA § 1681s–2(b)(1)(A)
### (against Defendants Rent Recovery, Credit Audit, ProCollect, Columbia, and IQ Data)

161.    IQ Data realleges and incorporates its prior responses to Plaintiff's preceding allegations.

162.    Paragraph 162 of the Complaint states a legal conclusion to which no response is required.

163.    Paragraph 163 of the Complaint states a legal conclusion to which no response is required.

164.    IQ Data denies the allegations contained in Paragraph 164 of the Complaint.

165.    IQ Data denies the allegations contained in Paragraph 165 of the Complaint.

166.    IQ Data denies the allegations contained in Paragraph 166 of the Complaint.

167.    IQ Data denies the allegations contained in Paragraph 167 of the Complaint.

168.    IQ Data denies the allegations in Paragraph 168 of the Complaint. IQ Data further denies that Plaintiff is entitled to recover the relief sought in the section following Paragraph 168.

### CAUSE OF ACTION NO. 2: FDCPA § 1692 *et seq*.
### (against Defendants Rent Recovery, Credit Audit, ProCollect, and Columbia)

169.    IQ Data realleges and incorporates its prior responses to Plaintiff's preceding allegations.

170.    Paragraph 170 of the Complaint states a legal conclusion directed towards third parties to which no response is required.

171.    Paragraph 171 of the Complaint states legal conclusions directed towards third parties to which no response is required.

172.    Paragraph 172 of the Complaint states legal conclusions directed towards third

parties to which no response is required.

173.    Paragraph 173 of the Complaint states legal conclusions directed towards third parties to which no response is required.

174.    Paragraph 174 of the Complaint states legal conclusions directed towards third parties to which no response is required. However, to the extent Plaintiff contends IQ Data violated the FDCPA and/or that Plaintiff is entitled to recover under this statute against IQ Data, IQ Data denies the allegations contained in Paragraph 174 of the Complaint and further denies that Plaintiff is entitled to recover the relief sought in the section following Paragraph 174.

### CAUSE OF ACTION NO. 3: TDCA §§ 392.304(A)(8) & 392.304(A)(19)
### (against Defendants Rent Recovery, Credit Audit, ProCollect, Columbia, and IQ Data)

175.    IQ Data realleges and incorporates its prior responses to Plaintiff's preceding allegations .

176.    Paragraph 176 of the Complaint states a legal conclusion to which no response is required.

177.    Paragraph 177 of the Complaint states a legal conclusion to which no response is required.

178.    IQ Data denies the allegations contained in Paragraph 178 of the Complaint.

179.    IQ Data denies the allegations contained in Paragraph 179 of the Complaint.

180.    IQ Data denies the allegations contained in Paragraph 180 of the Complaint.

181.    Paragraph 181 of the Complaint states a legal conclusion to which no response is required. However, IQ Data denies the allegations contained in Paragraph 182 of the Complaint to the extent Plaintiff contends IQ Data violated TDCA § 392 *et seq*.

182.    IQ Data denies the allegations contained in Paragraph 182 of the Complaint. IQ Data further denies that Plaintiff is entitled to recover the relief sought in the section following

Paragraph 182.

## VII.
## PLAINTIFF'S JURY DEMAND

183.    IQ Data states that no answer is required to Plaintiff's jury demand.

## VIII.
## DEFENDANT I.Q. DATA INTERNATIONAL, INC.'S
## AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiff cannot establish any concrete injury related to IQ Data's alleged conduct sufficient to establish Article III standing.

2.    Additionally, and/or alternatively, each cause of action contained in Plaintiff's Complaint fails to state facts sufficient to constitute a valid cause of action against IQ Data.

3.    Additionally, and/or alternatively, IQ Data asserts that the causes of action alleged in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, limitations, unclean hands, and other equitable doctrines.

4.    Additionally, and/or alternatively, Plaintiff's FCRA claims are barred, in whole or in part, by limitations as such claims are limited to alleged acts within two years from any alleged violation.

5.    Additionally, and/or alternatively, Plaintiff's FDCPA claims, if any, are barred by limitations as such claims are limited to alleged acts within one year from any alleged violation.

6.    Additionally, and/or alternatively, IQ Data asserts that it did not engage in any actionable conduct under the FDCPA, FCRA, TDCA, or any other statute and clearly did not engage in any conduct that was unconscionable, outrageous, intentional, and malicious or done with reckless disregard with respect to Plaintiff. IQ Data also alleges that it never engaged in any knowing, willful, or fraudulent conduct with respect to Plaintiff.

7.      Additionally, and/or alternatively, Plaintiff's damages, if any, are a result of her failure to take reasonable steps to mitigate her alleged damages. Accordingly, Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages, which reasonably could have been avoided.

8.      Additionally, and/or alternatively, the Complaint, and each cause of action alleged herein against IQ Data is barred because IQ Data was privileged and justified, by statute and by common law, in making the alleged statements and representations.

9.      Additionally, and/or alternatively, IQ Data states that Plaintiff's claims involve a dispute of the legal validity of the underlying debt, which is not cognizable against IQ Data under the FDCPA, FCRA, or TDCA.

10.     Additionally, and/or alternatively, IQ Data states that it is not liable under the FDCPA, FCRA, or TDCA because debt collectors are entitled to rely on the information they receive from creditors.

11.     Additionally, and/or alternatively, IQ Data states that it is not liable under FCRA § 1681s-2 to the extent Plaintiff's disputes were frivolous and/or irrelevant because (1) Plaintiff failed to provide sufficient information to investigate the disputed information, or (2) Plaintiff's dispute(s) were substantially the same as a dispute previously submitted by or on behalf of Plaintiff and IQ Data had already performed its duties under FCRA § 1681s-2. *See* FCRA § 1681s-2(a)(8)(F).

12.     Additionally, and/or alternatively, assuming arguendo that IQ Data violated any provision of the FDCPA, which presupposition IQ Data vehemently denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c).

13.     Additionally, and/or alternatively, IQ Data asserts that at all relevant times it maintained routine procedures for conducting investigations in compliance with the FCRA and it followed those procedures and thus, cannot be held liable under 15 U.S.C. § 1681s–2.

14.     Additionally, and/or alternatively, IQ Data asserts that it did not engage in any actionable conduct under the TDCA, or any other statute, and clearly did not engage in any conduct that was fraudulent, deceptive, misleading, or false with respect to Plaintiff.

15.     Additionally, and/or alternatively, assuming arguendo that IQ Data violated any provision of the FDCPA or TDCA, which presupposition IQ Data vehemently denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. *See* 15 U.S.C. § 1692k(c); Tex. Fin. Code § 392.401.

16.     Additionally, and/or alternatively, IQ Data and its agents, if any, always acted reasonably and in good faith material herein, based on all relevant facts and circumstances known by them at the time they so acted. IQ Data also asserts that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, IQ Data acted in good faith in the honest belief that the acts, conduct and communications, if any, of IQ Data were justified under the circumstances based on information reasonably available to IQ Data, including reliance on information provided by the creditor. Accordingly, Plaintiff is barred from any recovery in this action.

17.     IQ Data would show that Plaintiff's damages, if any, were not caused by IQ Data, but were caused, in whole or in part, by the acts and/or omissions of Plaintiff, third parties (*e.g.*, the unknown party who allegedly stole Plaintiff's identity), instrumentalities, and/or other factors over whom/which IQ Data had no right of control and for whom/which IQ Data is and was not

responsible. To the extent that Plaintiff suffered any damages as a result of such parties or instrumentalities, such conduct was the intervening and superseding cause of any such damages, which conduct breaks the causal chain between IQ Data and the event sued upon.

18.    Additionally, and/or alternatively, IQ Data asserts that the injuries, damages, or liability complained of by Plaintiff in this matter were wholly and completely unavoidable and occurred without any actionable conduct on the part of IQ Data. The occurrence in question resulted from events and conditions wholly beyond the control of Defendant and for which Defendant is not responsible.

19.    Additionally, and/or alternatively, the occurrence in question was caused, in whole or in part, by persons, entities, instrumentalities, or factors beyond the control of Defendant and for whom Defendant is not legally responsible.

20.    Additionally, and/or alternatively, IQ Data cannot be liable to Plaintiff under the FCRA because IQ Data properly investigated Plaintiff's disputes and timely deleted the subject debt/account.

21.    Additionally, and/or alternatively, any damages that Plaintiff may recover against IQ Data in this Action must be offset against any and all amounts owed to IQ Data.

22.    Additionally, and/or alternatively, IQ Data substantially complied with the statute(s) at issue.

23.    To the extent that the basis of Plaintiff's primarily legal claims are proven to be false and/or this lawsuit was brought in bad faith and/or for purposes of harassment, IQ Data asserts that it would be entitled to an award of attorney's fees and costs. *See* 15 U.S.C. §§ 1681n(c), 1681o(b); 15 U.S.C. § 1692k(a)(3); Tex. Fin. Code § 392.403(c).

24.     Additionally, and/or alternatively, Plaintiff suffered no damages or injury that was caused by or is traceable to IQ Data's alleged conduct.

**XI.**
**RESERVATION OF RIGHTS**

IQ Data reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, crossclaims, and/or third-party claims, as additional investigation, discovery or circumstances warrant.

**X.**
**DEFENDANT I.Q. DATA INTERNATIONAL, INC.'S**
**PRAYER FOR RELIEF**

WHEREFORE, Defendant I.Q. Data International, Inc. prays as follows:

a.     That Plaintiff takes nothing by the Complaint;

b.     That the Complaint be dismissed with prejudice; and

c.     That judgment be entered in favor of IQ Data, and against Plaintiff, on all counts in which claims have been asserted against IQ Data, for its attorney's fees and costs incurred herein, and for such further relief as the court deems just and equitable.

Respectfully submitted,

**SERPE ANDREWS, PLLC**

By: */s/ Lee H. Staley*
        Lee H. Staley
        Attorney-In-Charge
        State Bar No. 24027883
        Federal Bar No. 30072
        lstaley@serpeandrews.com
        Hee Jin Chang
        State Bar No. 24095935
        Federal Bar No. 3722754
        hjchang@serpeandrews.com
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Tel: (713) 452-4400
Fax: (713) 452-4499

**ATTORNEYS FOR DEFENDANT
I.Q. DATA INTERNATIONAL, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of February 2025, a true and correct copy of the above was electronically filed with the court via CM/ECF system and notification of such filing has been sent to the following:

Tod A. Lewis
Tod@texasfaircredit.com
TOD LEWIS LAW, PLLC
5900 Balcones Drive #17239
Austin, TX 78731
James M. Smith
JSmith@dohertysmith.com
DOHERTY SMITH, LLC
7000 W. 127th Street
Palos Heights, IL 60462
***Attorneys for Plaintiff Brittany Perroux***

Jason A. Spak
FISHERBROYLES, LLP
6360 Broad Street #5262
Pittsburgh, PA 15206
jason.spak@fisherbroyles.com
***Attorney for Defendant National Credit Audit Corporation***

John W. Bowdich
BOWDICH & ASSOCIATES, PLLC
8150 N. Central Expy., Suite 500
Dallas, Texas 75206
Tel: (214) 307-9500
Fax: (214) 307-5137
jbowdich@bowdichlaw.com
***Attorney for Defendant Procollect, Inc.***

*/s/ Lee H. Staley*
Lee H. Staley